**Everett Lyle THOMAS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 24574.

United States Court of Appeals, Ninth Circuit.

June 17, 1970.

Philip N. Andreen, Defenders, Inc. San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Brian E. Michaels, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before BROWNING and HUFSTEDLER, Circuit Judges, and FOLEY, District Judge *.

PER CURIAM:

On March 3, 1970, this case was submitted for decision. The several assignments of error made by appellant need not be dealt with in view of the disposition we make of this case.

 The issue of appellant's competency at the time of the offense was raised in the District Court. That court instructed the jury as to the competency issue substantially in the language of Mathes and Devitt Federal Jury Practice and Instructions, 1968 Pocket Part, Instruction No. 10.14, the so-called modi-

---

* Honorable Roger D. Foley, District of Nevada, sitting by designation.

fied M'Naghten rule, the law of this circuit prior to Wade v. United States, 426 F.2d 64 (9th Cir., 1970). *Wade* applies to this case since appellant's conviction has not yet become final. Appellant cannot now be prejudiced by reason of defense counsel's failure to object to the instructions given on the issue of competency, nor by the failure of trial counsel to request the instructions approved in *Wade,* nor by appellant's failure to attack the instruction given as to competency before this Court on this appeal.

■ Under *Wade* and as was done by another panel of this Court, in United States v. Wanger, 426 F.2d 1360 (9th Cir., 1970), we must, sua sponte vacate the judgment and remand the case for a new trial.